ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 AUG 22 PM 1:16

CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RICHARD LEWIS KICKLIGHTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 105-073 |
| | ) | |
| RONALD STRENGTH, Sheriff, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was an inmate detained at the Richmond County Jail in Augusta, Georgia, at the time he filed the instant complaint, brought the captioned case pursuant to 42 U.S.C. § 1983. He is *pro se* and is currently proceeding *in forma pauperis*. On May 16, 2005, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees form within thirty (30) days, cautioning him that failure to respond could result in the dismissal of this case. (Doc. no. 3). This time period expired, yet Plaintiff failed to provide a properly completed Prisoner Trust Fund Account Statement or a signed Consent to Collection of Fees.

Because the test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice," Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985), on July 11, 2005, the Court granted Plaintiff ten (10) additional days to submit the required documents in accordance with the Court's Order of May 16, 2005. (Doc. no. 5). Plaintiff was warned that if he failed to comply after this ten (10) day extension, his case would be dismissed. Plaintiff

failed to provide the required documents, but did send the Court correspondence (doc. no. 6) stating that he was experiencing difficulties getting jail authorities to complete the forms.

In an Order dated July 28, 2005, the Court noted that although Plaintiff had to rely on jail personnel to complete the Trust Fund Account Statement, it was entirely the Plaintiff's responsibility to complete and return his own Consent to Collection of Fees form. (Doc. no. 7, pp. 1-2). Nevertheless, the Court granted Plaintiff until the close of business on Friday, August 12, 2005 to comply with the Court's orders. (Id. at 3). The time to respond to this most recent Order has expired, and Plaintiff has still not submitted his signed consent form or a properly completed account statement. Because Plaintiff has failed to comply with three (3) separate Orders directing him to file properly completed forms, the Court finds that a "clear record of delay or willful contempt" has been established in this case.

Moreover, Plaintiff's service copy of the Court's most recent Order was returned and marked "Undeliverable." Thus, in addition to failing to comply with the Court's instructions, Plaintiff has failed to notify the Court of a change of address. Plaintiff's failure to provide the Court with an address where he can be reached has the effect of saddling the Court with a stagnant case.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover,

2

the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Plaintiff's failure to comply with court orders or even to provide the Court with a valid address amounts to a failure to prosecute, and it is precisely the type of neglect contemplated by the Local Rule. Furthermore, because Plaintiff is proceeding *in forma pauperis*, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of August, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3

# United States District Court
## Southern District of Georgia

KICKLIGHTER )

vs ) CASE NUMBER CV 105-073

STRENGTH ) DIVISION AUGUSTA

)

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 08/22/05 , which is part of the official record of this case.

Date of Mailing: 08/22/05

Date of Certificate [X] same date, or _____

Scott L. Poff, Clerk

By: _____
Joe Howell, Deputy Clerk

<u>Name and Address</u>

RICHARD LEWIS KICKLIGHTER SERVED @ PRISON ADDRESS

T₁/6

☐ Copy placed in Minutes
☐ Copy given to Judge
[X] Copy given to Magistrate